```
                                          FILED
                                     IN CLERK'S OFFICE
UNITED STATES DISTRICT COURT       US DISTRICT COURT E.D.N.Y.
EASTERN DISTRICT OF NEW YORK          JAN 19 2012    ★
------------------------------------------------X
EON STRUTHERS,
                                       BROOKLYN OFFICE
                    Plaintiff,
                                              COMPLAINT
        -against-
                                              JURY DEMAND

THE CITY OF NEW YORK, POLICE
OFFICER SKYE MORALES (Shield # 18414)
and POLICE OFFICERS JOHN DOE 1-3,

                    Defendants.
------------------------------------------------X
```

Eon Struthers (hereinafter "plaintiff"), by his attorney(s), The Law Offices of Wale Mosaku, P.C., complaining of the defendants, The City of New York, Police Officer Skye Morales (Shield # 18414) and Police Officers John Doe 1-3 (hereinafter collectively referred to as "the Defendants"), upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and §1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4. All conditions precedent to the filing of this action have been complied with. On September 27, 2011, within ninety days after the malicious prosecution claim alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2011PI033181 by the City of New York's Comptroller's office.

5. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

6. This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

## THE PARTIES

7. Plaintiff is a citizen of the United States, resident in Kings County, New York State. Plaintiff is a black male of full age.

8. At all relevant times, defendants Police Officer Skye Morales (Shield # 18414) and Police Officers John Doe 1-3 (hereinafter "defendant officers") were law enforcement officers employed by the Police Department of the City of New York ("NYPD").

9. At all times alleged herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

10. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, namely the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

11. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about April 30, 2011, at approximately 09:00 p.m., on Vanderbilt Avenue, at or close to its intersection with Roff Street, in the County of Richmond, State of New York, the plaintiff was unlawfully arrested by the defendant officers.

13. Prior to the above-referenced arrest, the plaintiff had attended a baby shower, and had subsequently gone to a "Bodega" that was located on Targee Street, at or close to its intersection with Vanderbilt Avenue in order to purchase certain items.

14. The plaintiff purchased items from the store, exited said store, and walked down Vanderbilt Avenue towards his home.

15. As the plaintiff was walking home on Vanderbilt Avenue, a vehicle pulled up to the curb adjacent to him. Within said vehicle were three uniformed NYPD officers (upon information and well founded belief, Police Officers John Doe 1-3).

16. One of the officers called out to the plaintiff, saying "hey you". The plaintiff, who was on probation at the time, and under instructions to avoid "police contact", ignored the officers and continued to walk down Vanderbilt.

17. The officers then approached the plaintiff, and upon reaching him, threw him to the floor; picked the plaintiff back up, and then slammed him against the vehicle, following which the plaintiff was handcuffed.

18. After he was handcuffed, the plaintiff was thrown to the ground again, and upon being thrown to the ground, one of the officers violently "kneed" the plaintiff, while another officer pushed the plaintiff's face into the concrete.

19. The plaintiff sustained serious injuries to his right hip and back as a result of the officers' unprovoked, violent and unwarranted actions.

20. The plaintiff asked why he was being arrested and subjected to such violence, and was told that he knew what he had done. The officers then searched the plaintiff. Nothing illegal was found upon the person of the plaintiff.

21. The plaintiff was then placed into a police vehicle. While within said vehicle, he received a call from his girlfriend on the phone, and managed to activate the speakerphone of said device, whereupon he proceeded to inform his girlfriend that he had been arrested and assaulted for no reason.

22. The officers, upon realizing that the plaintiff was engaged in a telephone call, forcibly terminated the call, and seized the plaintiff's phone from him.

23. One of the officers then grabbed the plaintiff's arm and twisted it until the plaintiff felt that it was about to be broken, causing the plaintiff extreme and excruciating pain. The same officer then further tightened the handcuffs, causing the plaintiff to suffer lacerations on both of his wrists.

24. The plaintiff was then driven to 55 Bowen Street, Staten Island, New York. Upon arrival at that location, the plaintiff was placed in a marked NYPD vehicle, within which was a person (upon information and belief, named Raheim Marcus) whom he had never seen before and did not know.

25. The plaintiff was then informed that he and Raheim Marcus had committed assault upon a member of the public.

26. The plaintiff and Raheim Marcus protested their innocence, stating to the officers that they did not even know each other.

27. Despite their protestations, the plaintiff and Raheim Marcus were both taken to a precinct and upon arrival at the precinct, the plaintiff was "processed" (i.e. fingerprinted and photographed).

28. Whilst at the precinct the plaintiff was strip searched while he was handcuffed. Specifically the plaintiff's pants and underwear were pulled down, and a flashlight utilized to search the plaintiff's private parts.

29. Nothing illegal was recovered from the plaintiff following said humiliating and unnecessary search.

30. Following the strip search, the plaintiff was placed in a holding cell, where he spent the night in excruciating pain and discomfort as a result of the injuries he had sustained to his right hip, which was severely lacerated.

31. The plaintiff was subsequently taken to Richmond County Criminal Court, and arrived at said Court at approximately 10:00 a.m. on May 1, 2011.

32. Upon arrival at Richmond County Criminal Court, the plaintiff sought medical treatment for the injuries he had sustained as a result of the excessive force and battery that was perpetrated upon him by the officers. However the plaintiff was told that he would have to be taken back to the precinct to obtain said treatment, and that the process of his arraignment would be delayed. As a result, the plaintiff did not pursue the request for medical attention.

33. The plaintiff was arraigned at approximately 01:00 p.m. on May 1, 2011, at which time he was charged with the following offenses: (1) Assault in the 3rd Degree [P.L. 120.00(1)]; and (2) Harassment in the 2nd Degree [P.L. 240.26(1)].

34. The criminal complaint was signed by Police Officer Skye Morales (Shield # 18414).

35. The plaintiff pleaded "not guilty" and was released upon his own recognizance.
36. Following his release from jail, the plaintiff sought and obtained treatment at the Richmond University Hospital on May 1, 2011.
37. The plaintiff was compelled to return to Court in defense of said charges on at least two (2) occasions.
38. On August 11, 2011, the case was dismissed upon the motion of the Richmond County District Attorney.
39. The plaintiff's Richmond County Court Docket number was "2011RI004106".

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

40. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.
41. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.
42. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.
43. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.
44. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

45. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendants without probable cause or legal justification, and with malice.

48. That the defendants were directly involved in the initiation of criminal proceedings against the plaintiff.

49. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

50. That the defendants acted with malice in initiating criminal proceedings against the plaintiff.

51. That the defendants were directly involved in the continuation of criminal proceedings against the plaintiff.

52. That the defendants lacked probable cause in continuing criminal proceedings against the plaintiff.

53. That the defendants acted with malice in continuing criminal proceedings against the plaintiff.

54. That the defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

55. That the defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

56. That the defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

57. That the defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

58. That upon information and well-founded belief, the defendants misrepresented and falsified evidence before a Kings County Grand Jury panel.

59. That upon information and well-founded belief, the defendants withheld exculpatory evidence from a Kings County Grand Jury panel.

60. That the defendants did not make a complete statement of facts to a Kings County Grand Jury panel, thus misleading them.

61. The criminal judicial proceeding initiated against plaintiff was dismissed on August 11, 2011, and terminated in the plaintiff's favor.

62. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

63. The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

64. As a consequence of the malicious prosecution by the defendants, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

65. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

67. As a result of the aforementioned conduct of the defendants, the plaintiff was subjected to excessive force, resulting in serious and severe physical injuries.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

68. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. Following the plaintiff's arrest, the defendants searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

70. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

71. The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

72. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

74. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.
75. As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

76. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.
77. The individual defendants created false evidence against the plaintiff.
78. The individual defendants forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.
79. That said defendants were directly involved in the initiation of criminal proceedings against the plaintiff.
80. That said defendants lacked probable cause to initiate criminal proceedings against the plaintiff.
81. That said defendants acted with malice in initiating criminal proceedings against the plaintiff.
82. That said defendants were directly involved in the continuation of criminal proceedings against the plaintiff.
83. That said defendants lacked probable cause in continuing criminal proceedings against the plaintiff.

84. That said defendants acted with malice in continuing criminal proceedings against the plaintiff.
85. That said defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.
86. That said defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.
87. That said defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.
88. That said defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.
89. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.
90. As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, EXCESSIVE FORCE AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION

91. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.
92. The above-described respective assault, battery, excessive force arrest, search, imprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any

warrant or legal process directing or authorizing the plaintiff's summary punishment, arrest and subsequent detention.

93. As a result of the plaintiff's above-described assault, battery, excessive force, arrest, search, imprisonment, detention and prosecution, he was caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

94. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

95. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

96. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 95 of this complaint as though fully set forth herein.

97. The defendants arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

98. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

99. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

100. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. and arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

101. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

102. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false

statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

103. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

104. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

105. Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

106. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

107. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that *"Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department"*, and that *"there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged"*.

108. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

  (c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

109. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

110. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

111. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

112. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

## CAUSE OF ACTION: ASSAULT AND BATTERY

113. Plaintiff repeats and realleges paragraphs 1 through 112 as if each paragraph is repeated verbatim herein.

114. At the time of the plaintiff's arrest by the defendants, the plaintiff did not challenge nor resist the defendants, nor engage in any threatening behavior towards the defendants.

115. However, as set forth above, the defendants assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

116. The defendants were at all material times acting within the scope of their employment.

117. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

118. The defendants were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendants acts as described above.

119. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

120. Plaintiff repeats and realleges paragraphs 1 through 119 as if each paragraph is repeated verbatim herein.

121. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiff suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

122. That by reason of the said negligence, the plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

123. This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
January 17, 2012

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____
Wale Mosaku (AM5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994