UNITED STATES DISTRICT COURT      <u>FOR ONLINE PUBLICATION ONLY</u>
EASTERN DISTRICT OF NEW YORK

---

EON STRUTHERS,

                Plaintiff,

        - versus -

THE CITY OF NEW YORK, POLICE
OFFICER SKYE MORALES (Shield #
18414), POLICE OFFICER VOLKAN
SARMAN (Shield # 31541), POLICE
OFFICERS JOHN DOE 1-3,

                Defendants.

<u>MEMORANDUM
AND ORDER</u>
12-CV-242

---

APPEARANCES:

        LAW OFFICES OF WALE MOSAKU, P.C.
                25 Bond Street, 3rd Floor
                Brooklyn, New York  11201
        By:   Wale Mosaku
                *Attorney for Plaintiff*

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
                100 Church Street
                New York, New York  10007
        By:   Patrick Beath
                *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        Plaintiff Eon Struthers moves for attorney's fees pursuant to 42 U.S.C. § 1988 and

costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The City of New York, Skye

Morales, and Volkan Sarman (collectively, "defendants") cross-move for costs incurred

subsequent to an offer of pre-trial judgment under Rule 68 of the Federal Rules of Civil

Procedure.  For the reasons set forth below, Struthers's motion is granted, but not in the amount

sought, and the defendants' motion is denied.

BACKGROUND

On April 30, 2011 Carlos Fernandez was assaulted by a group of individuals while riding the S-74 bus on Staten Island.  Following the assault, New York City Police Department ("NYPD") Officers Morales and Sarman canvassed the area for the individuals who had assaulted Fernandez.  While canvassing the area, Morales and Sarman encountered Struthers and arrested him.

On May 1, 2011 Morales swore out a criminal complaint against Struthers.  The complaint charged Struthers with Assault in the Third Degree and Harassment in the Second Degree.  On August 11, 2011 the charges against Struthers were dismissed upon a motion by the District Attorney's Office.

Struthers brought suit under 42 U.S.C. § 1983 against defendants, claiming, *inter alia*, that he had been falsely arrested, maliciously prosecuted, subjected to excessive force, and denied the right to a fair trial through the fabrication of evidence.[1]  On July 15, 2013 a four-day jury trial commenced on Struthers's claims.  The jury rendered a verdict in favor of Morales and Sarman on the claims of false arrest and excessive force.  The jury rendered a verdict in favor of Struthers on the claims of malicious prosecution[2] and fabrication of evidence as against Morales.  The jury awarded Struthers $685 in punitive damages and $1 in nominal damages.

Prior to trial, on July 5, 2012, the City made a Rule 68 offer of judgment in the amount of $5,001.00, plus reasonable costs and attorney's fees accrued up to the date of the

---

[1]    Struthers's complaint also asserted federal claims for failure to intervene and municipal liability and New York state law claims for false arrest, malicious prosecution, excessive force, unlawful search, assault, battery, and negligence.  On May 31, 2013 I granted the City's motion for summary judgment as to the claim of municipal liability.  *See Struthers v. City of New York*, No. 12-cv-242, 2013 WL 2390721 (E.D.N.Y. May 31, 2013).

[2]    Following the jury verdicts, Morales expressed his intent to move to set aside the verdict as to the malicious prosecution claim.  I ordered Struthers's counsel to notify the Court by July 25, 2012 whether he would consent to an order setting aside this verdict.  On July 25, 2013 Struthers's counsel informed the Court by letter that Struthers consented to such an order.  On July 26, 2013 I directed the Clerk of Court to enter judgment for Morales on Struthers's malicious prosecution claim notwithstanding the verdict of the jury.

offer.  Struthers did not accept the offer, which was ultimately $4,315 more than the judgment

awarded in punitive and nominal damages.

DISCUSSION

Struthers moves for attorney's fees pursuant to 42 U.S.C. § 1988 and costs

pursuant to Rule 54.  He argues that he is entitled to $108,140 in attorney's fees and $1,870.25 in

costs from August 26, 2011 through the conclusion of this case.[3]  Defendants cross-move for

costs incurred subsequent to the Rule 68 offer of pre-trial judgment.  They contend that because

the offer of judgment for $5,001 was more favorable than the judgment Struthers ultimately

obtained – the $686 jury verdict – they are entitled to $1,105.10 in costs following the date of the

offer of judgment.  Furthermore, they argue that the offer of judgment cuts off Struthers's right

to attorney's fees and costs after the offer of judgment.  Defendants also argue that Struthers's

hourly rate should be reduced from $400 to $300 and that his overall recovery should be reduced

by 80% due to his "negligible degree of success."  Defs.' Opp. to Struthers's Mot. Fees & Costs,

ECF No. 54.

A.      *Prevailing Party*

A "prevailing party" in a civil rights action is entitled to an award of attorney's

fees and costs.  *See* 42 U.S.C. § 1988(b) (stating that "the court, in its discretion, may allow the

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in

an action pursuant to 42 U.S.C. § 1983).  "[T]o qualify as a prevailing party, a civil rights

plaintiff must obtain at least some relief on the merits of his claim."  *Farrar v. Hobby*, 506 U.S.

103, 111 (1992).  He "must obtain an enforceable judgment against the defendant from whom

fees are sought" and "[w]hatever relief the plaintiff secures must directly benefit him at the time

---

[3]          Struthers also requests an additional $4,800 in attorney's fees to account for the time expended in
preparing reply papers in support of his motion for attorney's fees and costs and opposition papers to defendants'
cross-motion for costs.  Struthers Opp. to Defs.' Mot. Costs, at 3, ECF No. 55.

of the judgment." *Id.* (citing *Hewitt v. Helms*, 482 U.S. 755, 760, 764 (1987)).  It is "under these circumstances" that "civil rights litigation" can "effect 'the material alteration of the legal relationship of the parties' and thereby transform the plaintiff into a prevailing party."  *Id.* (quoting *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792-93 (1989)).

Here, Struthers won judgment on his claim that he was denied the right to a fair trial due to the fabrication of evidence by Morales.  The jury's award of $686 in damages on this claim makes him a "prevailing party."[4]  *See Baim v. Notto*, 316 F. Supp. 2d 113, 116 (N.D.N.Y. 2003) ("Though plaintiff . . . obtain[ed] a favorable verdict against only one defendant on only one claim, he is still entitled to prevailing party status."); *see also Texas State Teachers*, 489 U.S. at 790 ("[T]he degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all.").  Accordingly, I grant Struthers's motion for attorney's fees and costs subject to the limitations and adjustments set forth below.

B.    *The Rule 68 Offer*

Pursuant to Rule 68, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  Rule 68 further provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted

---

[4]    In their cross-motion, defendants claim that they are entitled to "an award of costs . . . as the prevailing party on all the federal claims in accordance with Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.1 of the Local Civil Rules of the Eastern District of New York."  Patrick Beath Decl. in Supp. Defs.' Mot. Costs ¶ 9, ECF No. 52-1.  In their reply papers, defendants clarify that the City (*i.e.*, not all defendants) is a prevailing party because "all of plaintiff's claims against defendant City of New York were dismissed."  Reply in Supp. Defs.' Mot. Costs, at 1, ECF No. 57.  But the jury's award of judgment to Struthers on his fabrication of evidence claim, even as against a single defendant, makes *him* the prevailing party in this action.  *See Farrar*, 506 U.S. 103 (awarding plaintiff prevailing party status despite winning judgment against only one out of sixteen defendants).  Thus, to the extent defendants move for costs pursuant to Rule 54 of the Federal Rules of Civil Procedure as a "prevailing party," that motion is denied.

offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).

Offers under Rule 68 that are not accepted within 14 days are deemed withdrawn.  Fed. R. Civ.

P. 68(a)-(b).

        The term "costs" in Rule 68 refers to "all costs properly awardable under the

relevant substantive statute or other authority."  *Marek v. Chesny*, 473 U.S. 1, 9 (1985).

"[W]here the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be

included as costs for purposes of Rule 68."  *Id.*  Pursuant to 42 U.S.C. § 1988, "a prevailing party

in a § 1983 action may be awarded attorney's fees 'as part of the costs.'"  *Id.*  Accordingly,

"[s]ince Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983

suit, such fees are subject to the cost-shifting provision of Rule 68."  *Id.*; *see also Barbour v. City*

*of White Plains*, 700 F.3d 631, 633 (2012) ("*Marek* . . . made clear that Rule 68 applies to

attorneys' fees when such fees are included within the definition of costs in the relevant statute. .

. .  [A]ttorneys' fees are included within the definition of costs in the relevant statute, 42 U.S.C. §

1988.").

        On July 5, 2012, Patrick Beath, Assistant Corporation Counsel of the City of New

York, served upon Struthers the following Rule 68 offer of judgment:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure,
> defendant City of New York hereby offers to allow plaintiff Eon
> Struthers to take a judgment against it in this action for the total
> sum of Five Thousand and One ($5,001.00) Dollars, plus
> reasonable attorneys' fees, expenses, and costs to the date of this
> offer for plaintiff's federal claims.
>
> This judgment shall be in full satisfaction of all federal and state
> law claims or rights that plaintiff may have to damages, or any
> other form of relief, arising out of the alleged acts or omissions of
> defendant City or any official, employee, or agent, either past or
> present, of the City of New York, or any agency thereof in

connection with the facts and circumstances that are the subject of this action. . . .

This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission of liability by any defendant, or any official, employee, or agent of the City of New York, or any agency thereof; nor is it an admission that plaintiff has suffered any damages.

Acceptance of this offer of judgment will act to release and discharge defendant City; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff in the above-referenced action. . . .

Patrick Beath Decl. in Supp. Defs.' Mot. Costs Ex. A (Rule 68 Offer of Judgment).  The offer was signed as follows:

> MICHAEL A. CARDOZO
> Corporation Counsel of the City of New York
> *Attorney for Defendant City*
> . . .
>
> By _____
>    Patrick Beath
>    *Assistant Corporation Counsel*

As mentioned above, Struthers did not accept this offer.  He ultimately recovered a judgment of $686, an amount $4,315 less than the Rule 68 offer of judgment.  Defendants contend therefore that Struthers cannot recover attorney's fees or costs incurred subsequent to July 5, 2012.  They further argue that they are entitled to recover costs incurred subsequent to the offer of judgment.[5]

---

[5]     Defendants move only for costs, not attorney's fees, incurred following their Rule 68 offer.  In *Marek*, the Supreme Court concluded that since 42 U.S.C. § 1988 includes attorney's fees within the definition of costs, a plaintiff could not collect attorney's fees incurred after a defendant makes a Rule 68 offer.  But the Court did not discuss whether the offering defendant is entitled to recover his or her attorney's fees as part of the costs

Struthers contends, however, that Rule 68 does not bar his recovery of costs incurred after July 5, 2012 because only the City of New York and not Morales extended the offer.  He notes that the offer begins with the language: "defendant City of New York hereby offers to allow plaintiff Eon Struthers to take a judgment against it in this action . . . ." Struthers's Opp. to Defs.' Mot. Costs, at 3 (quoting Rule 68 Offer of Judgment).  He further notes that the offer was signed and served by Beath, on behalf of Cardozo, acting as "Attorney for Defendant City."  *Id*.  He concludes that the Rule 68 offer "was *made* and *served* by the *City*, and that the offer proposed that judgment be taken solely against the *City*."  *Id*. (emphasis in original).

The City, for its part, argues that the offer "was specifically intended to satisfy all of plaintiff's claims whatsoever not only against the City, but also against the individual defendants, both named and unnamed."  Defs.' Opp. to Struthers's Mot. Fees & Costs, at 2 n.1. They cite to a recent case in this district in which a similar argument was made by a plaintiff – *i.e.* that the Rule 68 offer applied only to the City of New York and not to individual defendant officers – and rejected by the court.  *See Stanczyk v. City of New York*, 2013 WL 3208073, at *2-3 (E.D.N.Y. June 24, 2013).  Finally, they note that "[t]o hold otherwise" would run up against the plain language of Rule 68, which requires "that the offeree pays costs where, as here, 'the judgment that the offeree finally obtains is not more favorable than the unaccepted offer.'" Defs.' Opp. to Struthers's Mot. Fees & Costs, at 2 n.1 (citing Fed. R. Civ. P. 68(d)).

---

incurred after the offer.  Nevertheless, "[m]ost courts considering this issue in the context of civil rights actions, have held that there is no such right to recovery."  *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004) (citing cases).  These courts note that "while *Marek* states, simply, that 'costs' include attorneys' fees where authorized by statute, *Marek* also holds that such costs are recoverable only if they are 'properly awardable' under the relevant statute."  *Id*.  Accordingly, "[w]here, as in civil rights cases," attorney's fees "are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68."  *Id*.

"Offers of judgment pursuant to Fed.R.Civ.P. 68 are construed according to ordinary contract principles." *Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 272 (2d Cir. 1992) (citing cases).  According to these principles, "there must be a 'meeting of the minds' and a clear understanding of the terms in order to have a valid acceptance of the offer." *Boorstein v. City of New York*, 107 F.R.D. 31, 33-34 (S.D.N.Y. 1985) (citations omitted).  "Because a Rule 68 offer has a binding effect when refused as well as when accepted, a party must also have a clear understanding of the terms of an offer in order to make an informed choice not to accept it." *Id.*; *see also id.* ("The Supreme Court in *Marek* explain[ed] that the purpose of Rule 68 is to encourage settlement of law suits and implie[d] that this purpose would be frustrated if the offer were too unclear to be evaluated for acceptance or rejection.") (citing *Marek*, 473 U.S. at 8).

"If a writing, or the term in question, appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature." *Goodheart*, 962 F.2d at 272 (citations and internal quotation marks omitted).  But if a writing or "the term in question does not have a plain meaning it follows that the term is ambiguous." *Id.* (citation and internal quotation marks omitted).  "Contract language is ambiguous if it is reasonably susceptible of more than one interpretation, and a court makes this determination by reference to the contract alone." *Id.*  (quoting *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990)) (internal quotation marks omitted).  "Conversely, contractual language is unambiguous 'if it has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Id.* (quoting *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989)).

8

Defendants' Rule 68 offer is poorly drafted and ambiguous on its face.  The opening language cited by Struthers reasonably suggests that it is the City and the City alone that is extending the offer to Struthers:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, *defendant City of New York* hereby offers to allow plaintiff Eon Struthers to take a judgment *against it* in this action for the total sum of Five Thousand and One ($5,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date of this offer for plaintiff's federal claims.

Beath Decl. in Supp. Defs.' Mot. Costs Ex. A (Rule 68 Offer of Judgment) (emphasis added).

But then it goes on to state:

> This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, *arising out of the alleged acts or omissions of defendant City or any official, employee, or agent, either past or present, of the City of New York*, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

*Id*. (emphasis added).  It later reiterates this language when it states:

> Acceptance of this offer of judgment will act to release and discharge *defendant City; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York*, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff in the above-referenced action.

*Id*. (emphasis added).  But then it concludes with a signature line from Cardozo, acting as "Attorney for Defendant City."[6]  *Id*.  Accordingly, I find the Rule 68 offer to be ambiguous

---

[6]       On its face, this signature line contributes to the ambiguity of the offer.  In addition, as Struthers notes, this signature line is particularly striking when considering other court filings by Corporation Counsel of the City of New York in this litigation.  The answer to the original complaint, for example, states that Corporation Counsel is acting as "Attorney for Defendants," Answer, ECF No. 5; the answer to the amended complaint states that Corporation Counsel is acting as "Attorney for Defendants City and Morales," Answer to Am. Compl., ECF.

because there is a "reasonable basis for a difference of opinion" as to whether the offer of judgment is from the City or from all defendants in the action.[7]

      *Stanczyk*, the case that defendants rely upon for their position that the Rule 68 offer was unambiguously extended by all defendants, is easily distinguishable.  In *Stanczyk*, the court found that there was "no reasonable basis to conclude that the Offer pertained solely to the City."  2013 WL 3208073, at *2.  In reaching this conclusion, the court noted that the offer "was submitted by Corporation counsel of New York bearing the signature: 'Attorney for Defendants City, Richard DeMartino and Shaun Grossweiler.'"  *Id.* (alteration omitted).  The court also noted that the offer repeatedly referred to "defendants" in the plural and specifically named the individual defendants against whom the plaintiff would release and discharge all claims.  *Id.*  By contrast, the Rule 68 offer at issue here repeatedly refers to "defendant City" in the singular and makes no mention of Morales by name.[8]

      The ambiguity in the Rule 68 offer renders it invalid.  Accordingly, because Struthers obtained a judgment against Morales for his fabrication of evidence claim, Struthers may recover attorney's fees and costs incurred subsequent to the July 5, 2012 Rule 68 offer.  Defendants' motion for costs in the amount of $1,105.10 incurred subsequent to the offer of judgment is denied.

---

No. 12.  (Sarman filed a separate answer to the amended complaint.  *See* Sarman Answer to Am. Compl., ECF No. 14.).

[7]     Defendants argue that Struthers's argument that the Rule 68 offer was extended only by the City is "disingenuous" because, "[a]t the time of service of the Rule 68 Offer of Judgment, plaintiff's counsel was aware that the City and Officer Morales were both represented by" Corporation Counsel.  Reply in Supp. Defs.' Mot. Costs, at 2.  They further argue that Struthers was aware that the Rule 68 offer applied to Morales because three weeks following service of the offer, the parties jointly submitted a letter to the court, which stated "On July 5, 2012, *defendants* served plaintiff with a Rule 68 Offer of Judgment . . . ."  *Id.* (citing Letter, July 27, 2012, ECF No. 11).  These arguments ignore the basic principles of contract law, which must guide my interpretation of the Rule 68 offer.  According to those principles, I must determine the meaning of the offer "from the four corners of the instrument without resort to extrinsic evidence of any nature."  *Goodheart*, 962 F.2d at 272.  Thus, what Struthers's counsel knew or did not know at the time the offer was served (or three weeks thereafter) is of no consequence.

[8]     Sarman was not added as a defendant until after the Rule 68 offer was made.

C.      *Attorney's Fees*

District courts are afforded "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 151 (2d Cir. 2008). At the same time, "[b]oth the [Second Circuit] and the Supreme Court have held that the lodestar[9] – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-North Railroad Co.* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). "[T]he lodestar is not always conclusive," but "its presumptive reasonability means that" district courts should "calculate it as a starting point." *Id.*

1.      *Reasonable Hourly Rate*

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. In determining this rate, the district court should consider multiple factors, including the complexity of the case and the quality of counsel's representation. *See id.* (referring to the "twelve specified factors" articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).[10] The district court "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.*

---

[9]      In *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, the Second Circuit made a concerted effort to abandon the term "lodestar," observing that its "meaning . . . has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness." 522 F.3d 182, 190 (2d Cir. 2008). The court did note, however, that the term is "well entrenched," a fact illustrated by its resurrection by the subsequent *Millea* panel. *Id.* at 190 n.4.

[10]      The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

In addition to these considerations, the district court is to bear in mind the "forum rule." The forum rule instructs that in determining the reasonable hourly rate, district courts "should use the 'prevailing [hourly rate] in the community.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). For purposes of calculating the reasonable hourly rate under the forum rule, the relevant "community" is "the district where the district court sits." *Id.* (*Polk v. New York State Department of Correctional Services*, 722 F.2d 23, 25 (2d Cir. 1983)).

The burden rests with the prevailing party "to justify the reasonableness of the requested rate." *Blum*, 465 U.S. at 895 n.11. Counsel for the prevailing party should "establish his hourly rate with 'satisfactory evidence – in addition to the attorney's own affidavits.'" *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989) (quoting *Blum*, 465 U.S. at 895 n.11)). The court may also rely on "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).

Struthers was represented by Wale Mosaku. Mosaku, a solo practitioner with approximately thirteen years of experience, has requested an hourly rate of $400. Mosaku failed to submit an affidavit or declaration attesting to his legal background and experience. However, in Struthers's motion for attorney's fees and costs, he represents that he was admitted to practice law in November 1998.[11] Struthers's Mot. Attorney's Fees & Costs, at 2; *see also* Attorney Search, New York State Unified Court System, http://iapps.courts.state.ny.us/attorney/AttorneySearch (enter Adewale Mosaku in search fields). He further represents that, based on a conservative estimate, he has litigated over 120 civil rights

---

[11]     The Court gathers that Mosaku is a solo practitioner from the title of his firm, "Law Offices of Wale Mosaku, P.C."

cases in both the Southern and Eastern Districts of New York.[12]  Struthers's Mot. Attorney's

Fees & Costs, at 2.  Finally, he represents that he currently bills at the rate of $400 per hour.  *Id*.

Defendants argue that Mosaku's requested hourly rate is unreasonable for an

attorney with his level of experience.  Defs.' Opp. to Struthers's Mot. Fees & Costs, at 3-4.

Rather, they propose that Mosaku's hourly rate be reduced to $300 an hour.  *Id*. at 4.  Defendants

also argue that such a rate is "especially appropriate here, where the case was not complex."  *Id*.

"Recent opinions issued by courts within the Eastern District of New York have

found reasonable hourly rates to be approximately $300-$450 for partners, $200-$325 for senior

associates, and $100-$200 for junior associates."  *Akman v. Pep Boys Manny Moe & Jack of*

*Delaware, Inc.*, No. 11-cv-3252, 2013 WL 4039370, at *4 (E.D.N.Y. Aug. 15, 2013) (quoting

*Pall Corp. v. 3M Purification Inc.*, No. 97-cv-7599, 2012 WL 1979297, at *4 (E.D.N.Y. June 1,

2012) (collecting cases)); *see also McPhatter v. M. Callahan & Associates, LLC*, No. 11-cv-

5321, 2013 WL 5209926, at *6 (E.D.N.Y. Sept. 13, 2013) ("Hourly rates in the Eastern District

of New York generally range from $300 to $450 per hour for partners, $200 to $300 for senior

associates, $100 to $200 for junior associates.") (citation and internal quotation marks omitted);

*Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 299 (E.D.N.Y. Apr. 3, 2013) ("Recent

opinions from the Eastern District of New York have determined that reasonable hourly rates in

this district 'are approximately $300-$450 per hour for partners, $200-$300 per hour for senior

associates, and $100-$200 per hour for junior associates.'") (citing cases) (internal quotation

marks omitted)).  "Although solo practitioners rarely command the fees of partners in law firms,

'courts should not automatically reduce the reasonable hourly rate based solely on an attorney's

status as a solo practitioner.'"  *Hugee*, 852 F. Supp. 2d at 299 (quoting *Porzig v. Dresdner,*

---

[12]      A search of the docket of the Eastern District of New York reveals that Mosaku has filed over 100 civil rights lawsuits in this district alone.  Eight of those lawsuits (excluding the present action) have been or are before me.  I have not had occasion to address a motion for attorney's fees in any of those other lawsuits.

*Kleinwort, Benson, North America LLC*, 497 F.3d 133, 143 n.6 (2d Cir. 2007)); *see also*

*McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d

91, 97 n.6 (2d Cir. 2006) ("Working as a solo practitioner may be relevant to defining the

market, but it would be error to use an attorney's status as a solo practitioner as an automatic

deduction or shortcut for determining the reasonable hourly rate."). Courts in this district have

awarded hourly rates ranging from $300 to $400 for experienced solo practitioners in civil rights

cases. *See Colon*, Nos. 09-cv-0008, 09-cv-0009, 2012 WL 691544, at *20-21 (E.D.N.Y. Feb. 9,

2012) (approving rate of $350 per hour for "seasoned" solo practitioners with over 20 years of

litigation experience); *Brown v. Starrett City Associates*, No. 09-cv-3282, 2011 WL 5118438, at

*5 (approving rate of $300 per hour for solo practitioner with 12 years of experience, including 7

years concentrating on civil rights litigation); *Wong v. Yoo*, No. 04-cv-4569, 2010 WL 4137532,

at *2 (E.D.N.Y. Oct. 19, 2010) (reducing rate of solo practitioner with over thirty years of

experience with a primary focus on civil rights cases from $400 to $375); *Luca v. County of

Nassau*, 698 F. Supp. 2d 296, 301-02 (E.D.N.Y. 2010) (approving rate of $400 per hour for solo

practitioner with over twenty years of experience with a primary focus on civil rights cases).

   I find that Mosaku's reasonable billing rate is $350 per hour, towards the upper

end of the range for experienced solo practitioners in civil rights cases. Such rates are generally

"reserved for expert trial attorneys with extensive experience before the federal bar, who

specialize in the practice of civil rights law and are recognized by their peers as leaders and

experts in their fields." *Hugee*, 852 F. Supp. 2d at 300 (citing *Luca*, 698 F. Supp. 2d. at 301).

Moreover, the cases cited above illustrate that such fees are typically awarded to those solo

practitioners with over twenty years of experience, a significant chunk of which is devoted to

civil rights litigation. By contrast, Mosaku has approximately thirteen years of experience. But,

on the other hand, he has litigated a large number of civil rights cases and is a first-rate trial

lawyer.  Given the relevant factors in this case, including Mosaku's practice and expertise and

the recent case law on attorney's fees in the Eastern District, I find an hourly rate of $350 to be

reasonable despite the relative lack of complexity of the case.[13]

> 2.    *Hours Expended*

The fee applicant "bears the burden of . . . documenting the appropriate hours

expended."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Fee award applications must be

accompanied by "contemporaneous time records . . . [that] specify, for each attorney, the date,

the hours expended, and the nature of the work done."  *New York Association for Retarded*

*Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see also id*. at 1147

("[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit.").  In

determining the hours reasonably expended, the court must "examine the hours expended by

counsel and the value of the work product of the particular expenditures to the client's case."

*Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998) (quoting *DiFilippo v. Morizio*, 759 F.2d

231, 235 (2d Cir. 1985)).  If the documentation is inadequate, the court may reduce the award

accordingly.  *See Hensley*, 461 U.S. at 433-34.  In addition, the court should exclude "excessive,

redundant, or otherwise unnecessary" hours from the lodestar calculation.  *Bliven v. Hunt*, 579

F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434); *accord Luciano*, 109 F.3d at

116 ("If the district court concludes that any expenditure of time was unreasonable, it should

exclude these hours from the lodestar calculation.").  "In making this examination, the district

court does not play the role of an uninformed arbiter but may look to its familiarity with the case

and its experience generally as well as to the evidentiary submissions and arguments of the

---

[13]    It is well-settled that an attorney's rate for travel time should be half of his hourly fee.  *See, e.g.*, *Hugee*, 852 F. Supp. 2d. at 302; *Wong*, 2010 WL 4137532, at *2.  Thus, Mosaku's hourly rate for travel time is $175.

parties." *Gierlinger*, 160 F.3d at 876 (quoting *DiFilippo*, 759 F.2d at 236).  District courts are authorized "to make across-the board percentage cuts in hours as a practical means of trimming fat from a fee application."  *Green v. City of New York*, 403 Fed. App's 626, 630 (2d Cir. 2010) (quoting *In re Agent Orange Product Liability Litigation*, 818 F.2d at 237).

      Mosaku seeks compensation for a total of 266 hours and 54 minutes of attorney time and 10 hours and 42 minutes of travel time.[14]  Mosaku also seeks reimbursement for an additional 12 hours of attorney time expended in preparing reply papers in support of Struthers's motion for attorney's fees and costs and opposition papers to defendants' cross-motion for costs.

      I decline to award Mosaku 4 hours and 42 minutes of his attorney time as I find that this time was spent on administrative tasks, such as communicating with the process server, filing documents with the court, scheduling depositions, and other related tasks.  *See Barfield*, 537 F.3d at 139 (approving district court's determination that time "spent on administrative tasks should not be compensated at all"); *Concrete Flotation Systems, Inc. v. Tadco Construction Corp.*, No. 07-cv-319, 2010 WL 2539661, at *1 (E.D.N.Y. June 17, 2010) (excluding all fees billed for "secretarial work"); *Kochisarli v. Tenoso*, No. 02-cv-4320, 2008 WL 1882662, at *9 (E.D.N.Y. Apr. 24, 2008) (same).  For similar reasons, I decline to award Mosaku 2 hours of travel time, which were expended in support of filing and serving pleadings.

      I find Mosaku's supplemental request for attorney's fees for 12 hours of attorney time in preparing opposition papers for defendants' cross-motion for costs and reply papers in support of Struthers's motion for attorney's fees and costs to be excessive.  I therefore reduce the supplemental request for attorney's fees for 12 additional hours of attorney time by half to 6

---

[14]     Mosaku claims that he expended 265 hours and 54 minutes of legal work and 8 hours and 54 minutes in travel time.  However, my own calculations (reached by exporting Mosaku's chart of attorney's fees, *see* Struthers's Mot. Attorney's Fees & Costs Ex. 1, to Excel and separating out the time expended in the two categories) resulted in the numbers above.

hours, roughly the amount of time Mosaku expended in preparing the original moving papers for
Struthers's motion for attorney's fees and costs.

Adjusting the time accordingly results in 268 hours and 12 minutes of attorney
time and 8 hours and 42 minutes of travel time.  At an hourly rate of $350 for attorney time and
$175 for travel time, the resulting attorney's fee amounts to $95,392.50 ($93,870 in attorney time
and $1,522.50 in travel time).

3.      *Adjustments*

"The product of reasonable hours times a reasonable rate does not end the
inquiry."  *Hensley*, 461 U.S. at 434.  The district court may take into account "other
considerations . . . to adjust the fee upward or downward, including the important factor of the
'results obtained.'"  *Id.*  In *Hensley*, the Supreme Court emphasized that "[t]his factor is
particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only
some of his claims for relief."  *Id.*  In such circumstances, the district court must address two
questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on
which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours
reasonably expended a satisfactory basis for making a fee award"?  *Id.*

The Supreme Court acknowledged that "[m]any civil rights cases will present
only a single claim," while "[i]n other cases the plaintiff's claims for relief will involve a
common core of facts or will be based on related legal theories."  *Id.* at 435.  Such cases require
that "[m]uch of counsel's time . . . be devoted generally to the litigation as a whole, making it
difficult to divide the hours expended on a claim-by-claim basis."  *Id.*  These types of lawsuits
"cannot be viewed as a series of discrete claims."  *Id.*  Rather, "the district court should focus on
the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably

expended on the litigation." *Id*. Where "'a plaintiff has achieved only partial or limited

success,' full compensation for attorney's fees would not be reasonable." *United States Football*

*League v. National Football League*, 887 F.2d 408, 414 (2d Cir. 1989) (quoting *Hensley*, 461

U.S. at 436). The district court may either "attempt to identify specific hours that should be

eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461

U.S. at 436-37.

        All of Struthers's claims involve a "common core of facts" – *i.e.*, his arrest by

Morales and Sarman on the night of April 30, 2011. *Id.* at 435. Thus, "there were no unrelated

claims to which step one of the *Hensley* analysis might be applied." *Grant v. Martinez*, 973 F.2d

96, 101 (2d Cir. 1992). Defendants argue that Struthers's success was limited – under the second

step of the *Hensley* analysis – because Struthers was successful on only one of his claims against

only one of the defendants. They contend that the lodestar figure should be adjusted downward

by 80% to reflect this limited success.

        I agree with defendants that the lodestar must be substantially reduced to reflect

Struthers's limited success on his claims. Struthers brought ten causes of action against

defendants City, Morales, Sarman, and three "John Doe" officers. Struthers sought

compensatory damages "for emotional and physical injuries that he sustained" in addition to

punitive damages. Struthers Letter to Court, July 1, 2013, ECF No. 36. Struthers ultimately

prevailed on a single claim against a single defendant. Moreover, he was awarded no

compensatory damages, only punitive damages in the diminutive amount of $685 and nominal

damages in the amount of $1.

        Because Struthers's claims were factually, and in large part legally, intertwined, it

would be nearly impossible to deduct from the lodestar a specific number of billed hours that

18

represents work performed on Struthers's unsuccessful claims.  I find defendants' request to reduce the lodestar figure by 80% to be reasonable in light of Struthers's limited success.  This reduction leaves a fee that compensates Struthers for the attorneys' fees reasonably expended on the successful pursuit of his fabrication of evidence claim.  Accordingly, the plaintiff is awarded $19,078.50 for his attorney's fees, which is 20 percent of the lodestar amount.

D.      *Costs*

        Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  The Supreme Court has interpreted the word "costs" in Rule 54(d)(1) to refer only to those categories of costs enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  Those categories are the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees pursuant to 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services pursuant to 28 U.S.C. § 1828. 28 U.S.C. § 1920.

        Local Civil Rule 54.1 limits the costs awardable in this district.  Local Civil Rule 54.1(c)(2) permits an award of costs for "the original transcript of a deposition, and one copy," if the deposition was received into evidence at trial or used by the court in deciding a dispositive motion.  Local Rule 54.1(c)(3) permits an award of costs for witness fees.  Local Rule 56.1(c)(10) permits an award of costs for "[d]ocket fees, and the reasonable and actual fees of the Clerk and of a marshal, sheriff, and process server."

Struthers seeks an award of costs totaling $1,870.25.  He requests a total of $925 for service, filing, and witness fees.  These fees are reasonable "and ordinarily recoverable as costs pursuant to 28 U.S.C. § 1920 and Local Rule 54.1(c)(3), (10)."  *Anderson*, 143 F. Supp. 2d at 245; *see also* 28 U.S.C. § 1920(1), (3), (5).  Struthers also requests a total of $945.25 for court reporter fees for the deposition transcripts of Fernandez, Morales, Sarman, Marcus, and Moncayo.  In deciding the City's motion for summary judgment, I used the transcripts of deponents Fernandez, Morales, Sarman, and Marcus.  I did not, however, use the transcript of deponent Moncayo, nor was this deposition received into evidence at trial.  Accordingly, I exclude from the award of costs the court reporter fee for the deposition of Moncayo, and award Struthers costs in the amount of $1,743.

## CONCLUSION

For the reasons stated above, Struthers's motion for attorney's fees and costs is granted in the amount of $20,821.50 and defendants' cross-motion for costs is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated:  September 25, 2013
        Brooklyn, New York